IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

---

| | |
|---|---|
| PNC Bank, National Association, successor in interest to National City Bank<br><br>Plaintiff,<br><br>v.<br><br>Des Plaines Yamaha & Suzuki, Inc.; Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee under Trust Agreement dated August 1, 1967 and known as Trust No. 32873; Beneficiaries of Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee Under Trust Agreement Dated August 1, 1967 and known as Trust No. 32873; Harvey Fields; Reid Fields,<br><br>Defendants. | Case No.<br><br>Assigned Judge:<br><br>Magistrate Judge:<br><br>Property Address:<br>1529 Rand Road<br>Des Plaines, Illinois 60016 |

---

## COMPLAINT

NOW COMES the Plaintiff, PNC Bank, National Association, successor in interest to National City Bank, (the "Plaintiff" or "PNC"), for its complaint against the defendants, Des Plaines Yamaha & Suzuki, Inc., ("Yamaha"), Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee under Trust Agreement dated August 1, 1967 and known as Trust No. 32873 ("Trust"), Beneficiaries of Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee Under Trust Agreement Dated August 1, 1967 and known as Trust No. 32873 ("Beneficiaries") Harvey Fields, and Reid Fields and states as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction in this lawsuit pursuant to 28 U.S.C. §1332(a), because the matter in controversy is between citizens of different states and it exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over each of the defendants under 735 ILCS 5/2-209(a) & (b).

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

## THE PARTIES

4.  PNC is a national banking association, the main office of which is located in the State of Pennsylvania and the state designated on its organization certificate is Delaware. On or about November 6, 2009, National City Bank merged into PNC Bank. (A true and correct copy of the letter from the Comptroller of Currency is attached as *Exhibit A*).

5.  The defendant, Yamaha is an Illinois corporation, and was at all times referenced in this Complaint, doing business in the State of Illinois.

6.  The defendant, Trust, is an Illinois land trust domiciled within Illinois. The Beneficiaries of the trust are Harvey Fields and Reid Fields.

7.  The defendant, Harvey Fields, is a citizen of the State of Illinois, and was at all times referenced in this Complaint, domiciled in the State of Illinois.

8.  The defendant, Reid Fields, is a citizen of the State of Illinois, and was at all times referenced in this Complaint, domiciled in the State of Illinois.

## FACTS RELATING TO NOTE

9.  On or about October 16, 2000, Plaintiff extended credit to Yamaha and Trust (collectively, the "Borrowers") in the amount of $150,000.00 (the "Loan"). As evidence of the Loan, Borrowers executed a Promissory Note in favor of the Plaintiff dated October 16, 2000, in the principal amount of $150,000.00 and on or about November 16, 2004 executed a Note Modification Agreement in the principal amount of $200,000.00 (collectively, the "Note"). A copy of the Note is attached hereto as *Exhibit B* and by express reference made a part hereof.

10. As security for the indebtedness of Borrowers due to the Plaintiff pursuant to the terms of the Loan, including those obligations arising under the Note, the Trust, executed a Mortgage dated August 27, 1999 (the "Mortgage"). The Mortgage was given against the property commonly known as 1529 Rand

Road, Des Plaines, Illinois 60016 (the "Property") and recorded with the Cook County Recorder of Deeds (the "Recorder") on May 5, 2000 as document number 00307258 and was modified on November 16, 2004 as document number 0435648085. A copy of the Mortgage and subsequent modification is attached hereto as *Exhibit C* and by express reference is made a part hereof.

11. Borrowers are in default under the terms of the Note and Mortgage due to their failure to pay the delinquent Property Taxes for years 2009 through the present, and for failure to pay the principal and interest payments due under the Note for the period of January 2011 and thereafter.

11. Both the Note and Mortgage dictate that failure to maintain the monthly mortgage payments and to maintain the real estate taxes are defaults by Des Plaines Yamaha & Suzuki upon the terms of the Note and Mortgage.

12. As a result of said defaults, notice was mailed to Defendant advising him of the defaults. A copy of which is attached as *Exhibit D* and by express reference made a part hereof.

13. Thereafter, the Plaintiff accelerated all indebtedness under the Note.

14. As of May 16, 2012, there was (a) principal due and owing under the Note in the amount of $198,517.38, (b) interest due and owing under the Note (at the Note Rate) in the amount of $10,693.53 (c) plus late charges in the amount of $534.66, and (d) legal fees and expenses, appraisal fees, and other costs incurred under the Note and Mortgage (collectively, the "Loan Documents") not included therein.

## COUNT I - FORECLOSURE OF MORTGAGE

15. The Plaintiff realleges and incorporates by reference paragraphs 1-14 above as paragraph 15 of this Count I as if fully set forth herein setting forth Jurisdiction, Venue, Parties and Factual Matters.

16. The Plaintiff files this Count I pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Mortgage, and in connection therewith joins the following persons as defendants:

    (a)    Des Plaines Yamaha & Suzuki, Inc.;
    (b)    Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank

       as Trustee under Trust Agreement dated August 1, 1967 and known as Trust No. 32873;

(c)    Beneficiaries of Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee Under Trust Agreement Dated August 1, 1967 and known as Trust No. 32873;

(d)    Harvey Fields;

(e)    Reid Fields;

17.    Attached are the following exhibits which are true and correct copies of the originals thereof:

A.    *Exhibit A* is a copy of the comptroller of the Currency's Officer certifications of merger of National City Bank;

B.    *Exhibit B* is a copy of the Note;

C.    *Exhibit C* is a copy of the Mortgage; and

D.    *Exhibit D* is a copy of the default letter.

18.    Information concerning the Mortgage:

A.    Nature of Instrument:    Mortgage

B.    Date of Mortgage:    August 27, 1999 and as modified on July 5, 2000 and further modified November 16, 2004

C.    Name of Mortgagor:    Harris Trust and Savings Bank as Trustee under Trust Agreement dated August 1, 1967 (n/k/a Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee under Trust Agreement dated August 1, 1967 and known as Trust No. 32873)

D.    Name of Mortgagee:    National City Bank of Michigan/Illinois (n/k/a PNC Bank, National Association)

E.    Date and place of recording:    May 2, 2000, Cook County Recorder of Deeds and as modified on December 21, 2004, Cook County Recorder of Deeds

F.    Identification of recording:    Document No. 00307258 and as modified by 0435648085

G.    Interest subject to Mortgagee:    Fee simple

H.    Amount of original indebtedness, including subsequent advances made under the mortgage:

TWO HUNDRED THOUSAND AND 00/100THS DOLLARS ($200,000.00)

I.    Legal description, common address and property identification number of the mortgaged real estate:

Legal description:

LOTS THIRTY-SIX (36) TO FORTY-THREE (43), BOTH INCLUSIVE, IN BLOCK EIGHT (8) IN DES PLAINES CENTER, BEING A SUBDIVISION IN SECTION SEVENTEEN (17), TOWNSHIP FORTY-ONE (41) NORTH, RANGE TWELVE (12), EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO PLAT THEREOF RECORDED APRIL 18, 1927 AS DOCUMENT 9618825 AND FILED IN THE OFFICE OF THE REGISTRAR OF TITLE OF COOK COUNTY, ILLINOIS, ON JUNE 20, 1927 AS DOCUMENT 359251 ON COOK COUNTY, ILLINOIS; EXCEPT THAT PORTION TAKEN FOR HIGHWAY PURPOSES CONSISTING OF THOSE PARTS OF LOTS THIRTY-SEVEN (37), THIRTY EIGHT (38), THIRTY-NINE (39), FORTY (40), FORTY-ONE (41) AND FORTY-TWO (42) IN BLOCK EIGHT (8) AFORESAID LYING SOUTHWESTERLY OF THE FOLLOWING DESCRIBED CURVED LINE, TO WIT: BEGINNING AT A POINT OF CURVATURE IN THE NORTHEASTERLY LINE OF SAID LOT THIRTY-SEVEN (37), (BEING ALSO THE SOUTHWESTERLY LINE OF RAND ROAD AS NOW LOCATED AND ESTABLISHED) DISTANT 1.59 FEET SOUTHEASTERLY OF THE MOST NORTHERLY CORNER THEREOF; THENCE SOUTHEASTERLY ALONG A CURVED LINE CONCAVE TO THE SOUTH WEST, HAVING A RADIUS OF 290.00 FEET, WITH A CENTRAL ANGLE OF 46 DEGREES 30 MINUTES AND TANGENT TO SAID SOUTHWESTERLY LINE OF RAND ROAD A DISTANCE OF 235.36 FEET TO A POINT OF TANGENCY IN THE NORTHEASTERLY LINE OF SAID LOT FORTY-TWO (42) (BEING ALSO THE SOUTHWESTERLY LINE OF LEE STREET AS NOW LOCATED AND ESTABLISHED) DISTANT 7.40 FEET NORTHWESTERLY TO THE SOUTHEASTERLY CORNER THEREOF AND EXCEPT THAT PART CONVEYED TO THE ILLINOIS DEPARTMENT OF TRANSPORTATION BY DEED RECORDED OCTOBER 15, 1981 AS DOCUMENT NO. 26028596 DESCRIBED AS FOLLOWS:

THAT PART OF LOTS 36 TO 43, BOTH INCLUSIVE IN BLOCK 8 IN DES PLAINES CENTER, BEING A SUBDIVISION IN SECTION 17, TOWNSHIP 41 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED APRIL 18, 1927 AS DOCUMENT NO. 9618825 IN COOK COUNTY, ILLINOIS DESCRIBED AS FOLLOWS: BEGINNING AT THE MOST NORTHERLY CORNER OF SAID LOT 36; THENCE SOUTHEASTERLY ALONG THE NORTHEAST LINES OF SAID LOTS 36 AND 37 A DISTANCE OF 26.59 FEET; THENCE SOUTHEASTERLY ON THE SOUTHWESTERLY RIGHT-OF-WAY LINE ALONG A CURVE TO THE RIGHT, TANGENT TO THE LAST DESCRIBED COURSE HAVING A RADIUS OF 290.00 FEET A DISTANCE OF 237.60 FEET TO A POINT ON THE EASTERLY LINE OF SAID LOT 42 DISTANT 7.40 FEET NORTHWESTERLY OF THE SOUTHEAST CORNER THEREOF; THENCE SOUTHERLY ALONG THE EASTERLY LINES OF SAID LOTS 42 AND 43 ALONG A CURVE TO THE RIGHT HAVING A RADIUS OF 239.26 FEET A DISTANCE OF 32.47 FEET TO THE SOUTHEAST CORNER OF SAID LOT 43; THENCE WESTERLY ALONG THE SOUTH LINE OF SAID LOT 43 A DISTANCE OF 11.80 FEET; THENCE NORTHEASTERLY A DISTANCE OF 12.79 FEET TO A POINT 4.62 FEET WEST OF THE EAST LINE OF SAID LOT 43 (AS MEASURED RADIALLY), THENCE NORTHERLY A DISTANCE OF 58.21 FEET TO A POINT 12.92 FEET WEST OF THE EAST LINE OF SAID LOT 41 (AS MEASURED RADIALLY); THENCE NORTHWESTERLY ALONG A CURVE TO

THE LEFT TANGENT TO THE LAST DESCRIBED COURSE HAVING A RADIUS OF 230.00 FEET A DISTANCE OF 169.19 FEET TO A POINT OF COMPOUND CURVATURE; THENCE NORTHWESTERLY ALONG A CURVE TO THE LEFT HAVING A RADIUS OF 1614.85 FEET A DISTANCE OF 51.78 FEET TO A POINT ON THE NORTHWESTERLY LINE OF SAID LOT 36; THENCE NORTHEASTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT 36 A DISTANCE OF 7.54 FEET TO THE POINT OF BEGINNING, ALL IN COOK COUNTY, ILLINOIS.

Common Address: 1529 Rand Road, Des Plaines, Illinois 60016

Permanent Index No.: 09-17-205-036 and 09-17-205-122

Improved with a commercial building

J. Statement as to defaults and amounts now due:

The mortgagor defaulted under the Mortgage for failure to pay the delinquent Property Taxes for years 2009 through the present, and for failure to pay the principal and interest payments due under the Note for the period of January 2011 and thereafter.

The amount now due by Yamaha and Trust to the Plaintiff as of May 16, 2012 not including additional attorneys' fees and expenses, appraisal fees, title charges and other costs incurred under the Loan Documents:

| | |
|---|---:|
| Unpaid Principal | $198,517.38 |
| Unpaid Interest | 10,693.53 |
| Late Charge | 534.66 |
| TOTAL | $209,745.57 |

Interest continues to accrue on said balance at the rate of $20.56 per day.

K. Name of present owner of the mortgaged premises:

Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee Under Trust Agreement Dated August 1, 1967 and known as Trust Number 32873

L. Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Des Plaines Yamaha & Suzuki, Inc.;

Beneficiaries of Chicago Title Land Trust Company, as Successor Trustee to Harris

        Trust and Savings Bank as Trustee Under Trust Agreement dated August 1, 1967 and known as Trust Number 32873;

        Harvey Fields;

        Reid Fields;

M.    Name of defendants claimed to be personally liable for deficiency, if any:

        Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee Under Trust Agreement Dated August 1, 1967 and known as Trust Number 32873;

        Des Plaines Yamaha & Suzuki, Inc.;

        Harvey Fields;

        Reid Fields;

N.    Capacity in which Plaintiff brings this foreclosure:

        As mortgagee under the Mortgage recorded as Document No.00307258 and as modified by Document No. 0435648085, together with all th indebtedness secured thereby.

O.    Facts in support of shortened redemption period:

        The Mortgagee reserves the right to petition the court for a shortening of the redemption period.

P.    Statement that the right of redemption has been waived by all owners of redemption:

        The Property is commercial property and pursuant to the modification of the mortgage dated July 5, 2000, the mortgagor expressly waives the right of redemption.

Q.    Facts in support of request for attorneys' fees, costs and expenses, if applicable:

        Plaintiff is entitled to recover all expenses including, but not limited to, attorney's fees and costs, that it incurs pursuant to the terms of the Mortgage entitled Rights and Remedies on Default and pursuant to the terms of the Note on entitled Attorneys Fees; Expenses.

R.    Facts in support of request for appointment of mortgagee-in-possession or for appointment of a receiver, and the identity of the receiver if sought:

        Page 8 of the Mortgage, entitled Rights and Remedies on Default, provides that the Plaintiff is entitled to the appointment of a receiver upon the filing of a complaint to foreclose the Mortgage.

S. Offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale:

The Plaintiff does not make such offer.

T. Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and, if not elsewhere stated, the facts in support thereof:

Des Plaines Yamaha & Suzuki, Inc.;

Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee Under Trust Agreement dated August 1, 1967 and known as Trust Number 32873;

Beneficiaries of Chicago Title Land Trust Company, as Successor Trustee to Harris Trust and Savings Bank as Trustee Under Trust Agreement dated August 1, 1967 and known as Trust Number 32873;

Harvey Fields;

Reid Fields;

Plaintiff requests for:

A. an order for the appointment of a receiver;

B. a judgment of foreclosure of the Mortgage and sale of the subject property for payment of its lien and costs.

C. confirmation of the foreclosure sale and issuance of a deed to the purchaser;

D. personal deficiency judgments to the extent any should so exist at the time of confirmation of the foreclosure sale;

E. a judgment for attorneys' fees, costs and expenses; and

F. such other and further relief as the Court deems just.

**COUNT II - BREACH OF CONTRACT -DES PLAINES YAMAHA & SUZUKI, INC. AND CHICAGO TITLE LAND TRUST COMPANY AS SUCCESSOR TRUSTEE TO HARRIS TRUST AND SAVINGS BANK AS TRUSTEE UNDER TRUST AGREEMENT DATED AUGUST 1, 1967 AND KNOWN AS TRUST NUMBER 32873**

18. The Plaintiff realleges and incorporates by reference paragraphs 1-14 above as paragraph 18 of this Count II as if fully set forth herein setting forth the Jurisdiction, Venue, and Factual Matters.

19. By reason of the foregoing, as of May 16, 2012, Yamaha and Trust are indebted to the Plaintiff in the total amount of $209,745.57, consisting of a) principal due and owing under the Note in the amount of $198,817.38, (b) interest due and owing under the Note in the amount of $10,693.53, (with interest accruing thereafter), (c) late charges in the amount of $534.66. Also due and owing, but not included therein are additional legal fees and expenses, appraisal fees, and other costs incurred under the Loan Documents.

WHEREFORE, the Plaintiff, PNC Bank, National Association, successor to National City Bank, respectfully requests that this Court enter judgment in its favor and against the defendants, Des Plaines Yamaha & Suzuki, Inc., and Chicago Title Land Trust as Successor Trustee to Harris Trust and Savings Bank as Trustee under Trust Agreement dated August 1, 1967 and known as Trust Number 32873, for the amounts due and owing in the amount of $209,745.57, plus interest, late charges, real estate taxes advanced, attorneys fees and additional costs accruing from and after May 16, 2012, and for such other and further relief as is just.

**COUNT III - BREACH OF GUARANTY - HARVEY FIELDS**

20. The Plaintiff realleges and incorporates by reference paragraphs 1-14 above as paragraph 20 of this Count III as if fully set forth herein.

21. As consideration for Plaintiff's agreement to extend credit to Borrowers then, and in the future, on September 14, 1995, Harvey Fields executed and delivered to Plaintiff its Guaranty (Without Dollar Limitation), whereby Harvey Fields unconditionally agreed to pay all amounts due Plaintiff by Borrower in connection with the Note (the "Harvey Fields Guaranty"). A true and correct copy of the

Guaranty (Without Dollar Limitation) is attached here and incorporated as *Exhibit "E"*.

22. Notwithstanding Borrower's default under the terms of the Note and Plaintiff's acceleration and demand for payment, Harvey Fields has made no payment on behalf of Borrowers to satisfy the balance due Plaintiff under the Note.

23. Under the terms of the Harvey Fields Guaranty, Harvey Fields also guaranteed payment of any of attorney's fees and cost incurred by Plaintiff in enforcing its right under the Loan Documents.

24. Based on the foregoing, Harvey Fields is in breach under his obligations under the Harvey Fields Guaranty and Plaintiff is entitled to recover from Harvey Fields all amounts due Plaintiff under said Harvey Fields Guaranty, including any and all attorneys' fees and costs incurred in connection with the enforcement of its rights under the Harvey Fields Guaranty.

25. After credit for all payments received by Plaintiff, as of May 16, 2012, the amount of $209,745.57, excluding default interest, attorneys' fees and costs, is due in connection with the Note. Interest continues to accrue on the unpaid balance of the Note at the default rate as set forth in the Note.

WHEREFORE, PNC Bank, National Association, a national banking association, successor to National City Bank, respectfully requests that this Court enter judgment against Defendant, Harvey Fields, in the amount of $209,754.57, as of May 16, 2012, with interest thereafter through the date of judgment, as well as all attorneys' fees and costs of enforcing Plaintiff's rights under the terms of the Harvey Fields Guaranty, and for such other relief as this Court deems just and reasonable.

### COUNT IV - BREACH OF GUARANTY - REID FIELDS

26. The Plaintiff realleges and incorporates by reference paragraphs 1-14 above as paragraph 26 of this Count IV as if fully set forth herein.

27. As consideration for Plaintiff's agreement to extend credit to Borrowers then, and in the future, on September 14, 1995, Reid Fields executed and delivered to Plaintiff his Guaranty (Without

Dollar Limitation), whereby Reid Fields unconditionally agreed to pay all amounts due Plaintiff by Borrower in connection with the Note (the "Reid Fields Guaranty"). A true and correct copy of the Guaranty (Without Dollar Limitation) is attached here and incorporated as *Exhibit "F"*.

28. Notwithstanding Borrower's default under the terms of the Notes and Plaintiff's acceleration and demand for payment, Reid Fields has made no payment on behalf of Borrower to satisfy the balance due Plaintiff under the Note.

29. Under the terms of the Reid Fields Guaranty, Reid Fields also guaranteed payment of any of attorney's fees and cost incurred by Plaintiff in enforcing its right under the Loan Documents.

30. Based on the foregoing, Reid Fields is in breach under his obligations under the Reid Fields Guaranty and Plaintiff is entitled to recover from Reid Fields all amounts due Plaintiff under said Reid Fields Guaranty, including any and all attorneys' fees and costs incurred in connection with the enforcement of its rights under the Reid Fields Guaranty.

31. After credit for all payments received by Plaintiff, as of May 16, 2012, the amount of $209,745.57, excluding default interest, attorneys' fees and costs, is due in connection with the Note. Interest continues to accrue on the unpaid balance of the Note at the default rate as set forth in the Note.

-12-

WHEREFORE, PNC Bank, National Association, a national banking association, successor to National City Bank, respectfully requests that this Court enter judgment against Defendant, Reid Fields, in the amount of $209,754.57, as of May 16, 2012, with interest thereafter through the date of judgment, as well as all attorneys' fees and costs of enforcing Plaintiff's rights under the terms of the Reid Fields Guaranty, and for such other relief as this Court deems just and reasonable.


        PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO NATIONAL CITY BANK,


        By:    /s/ Christopher S. Fowler
             One of its Attorneys

Patrick D. Lamb (ARDC #3128062)
Christopher S. Fowler (ARD#6282889)
CROWLEY & LAMB, P.C.
221 N. LaSalle Street, Suite 1550
Chicago, Illinois 60601
(312) 670-6900
plamb@crowleylamb.com
cfowler@crowleylamb.com